IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Owen Harriot, #96039-071, | C/A No. 3:18-540-JFA-SVH |
| Plaintiff, | |
| v. | **ORDER** |
| Robert Waizenhofer, FBI; Scarlet Wilson; Herbert Louthian, Esq.; and Nathaniel Roberson, | |
| Defendants. | |

## I. INTRODUCTION

The *pro se*[1] Plaintiff, Michael Harriot ("Plaintiff"), is an inmate incarcerated in the Federal Correctional Institution in Estill, South Carolina. On February 23, 2018, he filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the above-captioned defendants. Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.), the case was referred to a Magistrate Judge for Review.

---

[1] "Pro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

[2] Because the Complaint (ECF No. 1) was filed pursuant to 28 U.S.C. § 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if, after being

The Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report") and opines that this action should be dismissed without prejudice and without issuance and service of process. (ECF No. 7 p. 2). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on March 15, 2018. (ECF No. 10). Plaintiff subsequently filed a supplement to his Objections on April 13, 2018. (ECF No. 11). Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific

---

liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. ANALYSIS

In his objections, Plaintiff merely repeats arguments from his Complaint (ECF No. 1), which the Magistrate addressed fully in her Report (ECF No. 7). Moreover, Plaintiff cites to legal authorities without providing the Court with facts to connect the authorities to the present case. Repetitions of prior arguments the Magistrate has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate's recommendation. *See Camby*, 718 F.2d at 199. Nevertheless, because Plaintiff is *pro se*, this Court will address each of his arguments in turn.

### A. OBJECTION 1

In his first objection, Plaintiff objects to the Magistrate's finding that Plaintiff's claims against Wilson are barred by prosecutorial immunity. (ECF No. 7 p. 5). Specifically, Plaintiff states that Wilson "deliberately concealed Plaintiff's arrest without a warrant" and that he "submitted false statements of facts in a criminal complaint." (ECF No. 10 p. 8). Plaintiff also argues that the arrest warrant was not supported by probable cause. Plaintiff made these same arguments in his Complaint. (ECF No. 1 p. 7–9). A specific objection to the Magistrate's Report requires more than a reassertion of arguments from the Complaint or mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017).

Plaintiff's first objection does not constitute a specific objection because he merely reasserts arguments from his Complaint. Therefore, Plaintiff's first objection is unfounded, and it requires no further explanation.

B.  **OBJECTION 2**

Plaintiff second objection is "that the Defendants' knowingly and willfully did combine, confederate and agree together, 'conspire' as well as each defendants acted individually and in his/her officially capacity" and that "Louthian and Roberson conspire with Wilson and Waizenhofer who acted under color of federal law." (ECF No. 10 p. 9). Plaintiff has provided no facts to support his assertion. He has merely made a conclusory allegation. A conclusory allegation does not constitute a specific objection. *See Orpiano*, 687 F.2d at 47. Therefore, Plaintiff's second objection does not warrant further explanation.

C.  **OBJECTION 3**

In his third objection, Plaintiff argues that his claims against Waizenhofer are not barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 10 p. 9). He essentially argues that his detention was unlawful. He relies heavily on *Gerstein v. Pugh*, 420 U.S. 103 (1975) and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). However, Plaintiff already asserted the same arguments in his Complaint. (ECF No. 1 p. 7, 8, 10, 11). Plaintiff also claims that Waizenhofer acted improperly in directing a "Richland County Sheriff's Officer to unreasonably seized Plaintiff without a warrant."

(ECF No. 10 p. 10). Similarly, Plaintiff made this same argument in his Complaint. (ECF No. 1 p. 9). Therefore, these arguments do not constitute specific objections and thus require no further explanation.

Plaintiff also relied on *Powell v. Nevada*, 511 U.S. 79, 80 (1994) in support of his argument that his detention was unlawful or improper. (ECF No. 10 p. 1, 10). Specifically, he cites *Powell* in support of his claim that he had the right to a judicial determination of probable cause within forty-eight (48) hours of his detention. (ECF No. 10 p. 10). The Court in *Powell* applied the *McLaughlin* rule and found that a four-day delay between a warrantless arrest and a determination of probable cause was unreasonable. *Powell*, 511 U.S. at 83–84. Plaintiff made the same *McLaughlin* argument multiple times in his Complaint (ECF No. 1 p. 7, 10, 11), and the Magistrate addressed it in her Report. (ECF No. 7 p. 5–7). Moreover, *Powell* does not affect the holding in *Heck v. Humphrey*.

In *Heck*, the issue before the Court was whether a state prisoner could challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983. *Id.* at 478. The Court noted that "the dismissal of [plaintiff's] § 1983 action was correct because [the] courts below found that his damages claims challenged the legality of his conviction." *Id.* at 477–88, 489–90. The Court further noted that a damages claim related to a sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487.

Thus, the Magistrate Judge correctly opined that, under the United States Supreme Court's ruling in *Heck*, Plaintiff's claims are barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the

Plaintiff can demonstrate that the conviction or sentence has been successfully challenged. (ECF No. 7 p. 5–6); *see Heck*, 512 U.S. at 487. As Plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, his claim for damages under § 1983 is barred by *Heck*. Therefore, Plaintiff's third objection is unfounded and requires no further explanation.

D. **OBJECTION 4**

In his fourth objection, Plaintiff argues he has standing and that he is entitled to injunctive relief. (ECF No. 10 p. 11). Plaintiff does not make an objection to any particular portion of the Magistrate's Report. There is no statement in his fourth objection that could be construed as a specific objection. Therefore, Plaintiff's fourth objection does not warrant further explanation.

E. **OBJECTION 5**

Plaintiff's fifth objection is titled, "McLaughlin's Law." (ECF No. 10 p. 11). As discussed above, Plaintiff's *McLaughlin* arguments regarding his alleged improper arrest and the alleged probable cause issues in his case have already been addressed by this Court and the Magistrate. *See* discussion *supra* Section III.C.; (ECF No. 7 p. 5–7). Therefore, this objection requires no further explanation because it is simply a reassertion of arguments Plaintiff made in his Complaint.

## F. SUPPLEMENT TO OBJECTIONS

In addition to filing objections to the Report on March 15, 2018 (ECF No. 10), Plaintiff also filed a supplement to his objections on April 13, 2018 ("Supplement"). (ECF No. 11). In his Supplement, Plaintiff argues that the arresting officers acted without probable cause. (ECF No. 11 p. 1). He argues that "Wilson had knowledge of Waizenhofer's fabricated evidence criminal complaint." *Id.* He argues he was arrested "without a warrant from the Magistrate." *Id.* at 2. He argues that he was entitled to a "fair and reliable determination of probable cause following an arrest without a warrant but the defendants fabricated evidence and misled the Magistrate." *Id.* Plaintiff made the same arguments in his Complaint (ECF No. 1 p. 7, 10).

Nowhere in Plaintiff's Supplement did he make a specific objection to the Magistrate's Report. Plaintiff merely reasserts arguments and allegations from his Complaint, which the Magistrate addressed in the Report. Therefore, there are no arguments in the Supplement that require further explanation.

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Magistrate's Report, this Court finds the Magistrate's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's Report (ECF No. 7). Therefore, the Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 18, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge